WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brandon Cole, | No. CV-25-02708-PHX-SHD |
| Plaintiff, | **ORDER** |
| v. | |
| Morningstar Incorporated, | |
| Defendant. | |

Pending before the Court is Plaintiff Brandon Cole's Application for Leave to Proceed In Forma Pauperis ("IFP"). (Doc. 2.) For the reasons stated below, Cole's application to proceed IFP will be granted, and Cole's Complaint, (Doc. 1), will be dismissed with leave to amend.

**I.    IFP APPLICATION**

"There is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id.* at 1234 (citing *Adkins v. E.I. Dupont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

Having reviewed the application to proceed IFP, (Doc. 2), the Court finds Cole cannot pay the court costs and still afford necessities. Thus, the motion to proceed IFP will be granted.

## II. SCREENING THE COMPLAINT

Because Cole is proceeding IFP in this case, the Court must screen his Complaint.

### A. Legal Standard

> Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.

*Kennedy v. Andrews*, 2005 WL 3358205, at *2 (D. Ariz. 2005).

> "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

*Hairston v. Juarez*, 2023 WL 2468967, at *2 (S.D. Cal. 2023).

### B. Cole's Complaint

Under Rule 8(a)(2), "a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). While this does not require "detailed factual allegations, . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quotation marks omitted). To meet this standard, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quotation marks omitted). Thus, a complaint must include

"factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also id.* ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (citation modified)). Pro se filings must be construed "liberally when evaluating them under *Iqbal*." *Jackson v. Barnes*, 749 F.3d 755, 763–64 (9th Cir. 2014).

The Complaint contains no factual allegations to support Cole's claim that Defendant Morning Star, Inc. ("Morning Star") used his personal data without his consent. (*See* Doc. 1.) Cole alleges only that Morning Star, an Illinois corporation with its principle place of business in Illinois, "disseminat[ed] and use[d] . . . personal data and/or financial reporting information without consent, causing injury to [his] credit, financial reputation, and access to resources," and that "[t]hese actions were taken without proper disclosure, authorization, or lawful basis, in violation of applicable privacy, data protection, and commercial laws." (*Id.* at 4.) He seeks "[c]ompensatory damages exceeding $75,000," along with "[p]unitive damages for willful or gross misconduct," declaratory and injunctive relief, and "any other relief the Court deems proper." (*Id.* at 5.) According to the Complaint, Cole is a citizen of Arizona. (Doc. 1 at 3.) The Complaint contains no further allegations.

Cole's conclusory accusations amount to "naked assertions devoid of . . . factual enhancement." *Iqbal*, 556 U.S. at 678. Cole offers no facts to support his claim and simply states that Morning Star unlawfully harmed him. Nor does Cole identify which federal or state law Morning Star violated when it used his personal data. And while Cole has alleged that the parties are diverse, his "conclusory statement, unsupported by additional details" that he seeks damages exceeding $75,000, "does not meet the burden of establishing the requisite amount in controversy" to invoke diversity jurisdiction. *Patel v. Microsoft Corp.*, 2024 WL 755951, at *2 (W.D. Wash. 2024) ("Courts may reject conclusory, unsupported statements regarding alleged amounts in controversy." (quotation marks and citation omitted)). Because Cole "has not provided the Court with any basis upon which to assess

[his] claim," *Dowling v. Unknown Party*, 2024 WL 3595619, at *2 (D. Ariz. 2024), it will be dismissed.

### III.     LEAVE TO AMEND

Unless the Court determines that a pleading cannot be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc). A finding that any amendment would be futile justifies dismissal without leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (1995).

Here, the Court cannot conclude that amendment would be futile as Cole could allege additional facts that would state a claim for relief. Accordingly, Cole will be granted the opportunity to amend.

Cole must note that an amended Complaint supersedes the original Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). Thus, after amendment, the original complaint is treated as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action raised in the original complaint is waived if it is not alleged in an amended complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). And any Defendant not renamed in the amended complaint will remain dismissed from this case. *See id*.

Accordingly,

**IT IS ORDERED** that the motion to proceed in forma pauperis (Doc. 2) is **granted**.

**IT IS FURTHER ORDERED** that the Complaint (Doc. 1) is **dismissed** for the reasons stated above. Cole has 30 days from the date of this Order to file an amended complaint. Consistent with LRCiv 15.1, Cole shall file, concurrently with any amended complaint, a notice of filing the amended pleading that attaches a copy of the amended pleading indicating in what ways it differs from the Complaint.

**IT IS FURTHER ORDERED** that if Cole files an amended complaint, the Clerk of Court shall not issue a summons until the Court screens the amended complaint and orders service consistent with 28 U.S.C. § 1915(d).

**IT IS FURTHER ORDERED** that if Cole fails to file an amended complaint within 30 days, the Clerk of Court shall enter judgment dismissing this case with prejudice.

Dated this 6th day of October, 2025.

_____
Honorable Sharad H. Desai
United States District Judge